John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
Jacob J. Ventura (SBN 315491)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile:  310-507-7906
*john@kristensenlaw.com*
*jesenia@kristensenlaw.com*
*jacob@kristensenlaw.com*

***Attorneys for Plaintiffs***

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KARLA URIBE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SONGWHALE LLC, a Minnesota Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227,** *et seq.***; and**<br>**2. Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227,** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Karla Uribe ("Plaintiff"), individually and on behalf of all others
2    similarly situated, alleges the following upon information and belief based upon
3    personal knowledge:

4    **I.    NATURE OF THE ACTION**

5    1.    Plaintiff, on behalf of herself and others similarly situated, is seeking
6    damages and any other available legal or equitable remedies resulting from the
7    illegal actions of defendants Songwhale, LLC ("Songwhale" or "Defendant") and
8    Does 1-10, inclusive (collectively, "Defendants") in contacting Plaintiff, as well
9    as knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular
10   telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47
11   U.SC. §§ 227, *et seq*., thereby invading Plaintiff's and putative class members'
12   right to privacy.

13   **II.   VENUE AND JURISDICTION**

14   2.    This Court has jurisdiction over the subject matter of this action
15   under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.SC. §§
16   227, *et seq*.

17   3.    Jurisdiction is also proper under 28 U.S.C. § 1332(d) because
18   Plaintiff seeks relief on behalf of a nationwide class, which will result in at least
19   one class member belonging to a different state that that of Songwhale, which is
20   incorporated and maintains its principal place of business in Minnesota. Plaintiff
21   also seeks up to $1,500.00 in damages for each text message in violation of the
22   TCPA, which, when aggregated among a proposed class in the thousands,
23   exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore,
24   both federal question jurisdiction and diversity jurisdiction and the damages
25   threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and
26   this Court has jurisdiction.

27   4.    Venue is proper in this District because all or a substantial portion of
28   the events forming the basis of this action occurred in this District  pursuant to 28

U.S.C. § 1397(b)(2) as Defendants' specifically targeted Los Angeles County, California consumers such as Plaintiff, by sending unsolicited text messages to phone numbers with an (818) area code.

### III.   <u>PARTIES</u>

5.      Plaintiff is a natural person residing in California.

6.      Songwhale is, and at all relevant times was, a Minnesota Limited Liability Company with its principal place of business at 2186 Mailand Road E, St. Paul, Minnesota, 55119.

7.      Upon information and belief, Plaintiff conducts marketing activities, including sending text messages, such as the messages sent to Plaintiff in violation of the TCPA.

8.      The above-named Defendant, and its subsidiaries and owners, officers, and agents, are collectively referred to as "Defendants." The true names and capacities of the defendants sued herein as "Does 1-10," inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

9.      Upon information and belief, at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, ostensible agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture, and employment with the full knowledge and consent of each of the other Defendants.

10.      Upon information and belief, each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

1    11.    At all times mentioned herein, each and every Defendant was the

2  successor of the other and each assumes the responsibility for each other's acts

3  and omissions.

4  **IV.    THE TELEPHONE CONSUMER PROTECTION ACT**

5    12.    Congress enacted the TCPA in 1991 to address certain practices

6  thought to be an invasion of consumer privacy and a risk to public safety. The

7  TCPA and the Federal Communications Commission's ("FCC") implemented

8  rules prohibit: (1) making telemarketing calls using an artificial or prerecorded

9  voice to residential telephones without prior express consent; and (2) making any

10  non-emergency call using an automatic telephone dialing system ("ATDS") or an

11  artificial or prerecorded voice to a wireless telephone number without prior

12  express consent. If the call includes or introduces an advertisement, or constitutes

13  telemarketing, consent must be in writing.  Calls that include non-marketing

14  messages require consent, but not written consent. The TCPA grants consumers a

15  private right of action, with a provision for $500 or the actual monetary loss in

16  damages for each violation, whichever is greater, and treble damages for each

17  willful or knowing violation, as well as injunctive relief.

18    13.    Since the TCPA's passage in 1991, the FCC has taken multiple

19  actions implementing and interpreting the TCPA, and has issued numerous

20  Declaratory Rulings clarifying specific aspects of the TCPA. The most recent,

21  FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection

22  to consumers by, among other things, clarifying that ATDS is broadly defined,

23  confirming liability attaches to calls made to the wrong number or reassigned

24  number, and clarifying consumers may revoke consent through reasonable

25  methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer*

26  *Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961 (July 10, 2015), available at

27  https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The

28  Order defines an "autodialer" as equipment/software that has the future capacity

to dial randomly or sequentially. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

14.     The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber.  If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

15.     Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). *See* 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or

someone on the company's behalf, who calls a member of the company's IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

16.    Accordingly, the entity can be liable under the TCPA for a call made and/or message sent on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## V.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (AGAINST ALL DEFENDANTS)

### A.    FACTUAL ALLEGATIONS

17.    Beginning in or around May 2020, Defendants contacted Plaintiff on her cellular telephone at (818) 770-****, in an attempt to solicit people to join the U.S. Army Reserve. The messages came from a five digit SMS short code number. Defendants are known to use the number 942-53.

18.    After Plaintiff responded with "Please stop," she received a message telling her that she had "been added to the receive list" and to "Rply STOP 2quit [sic] or HELP." Plaintiff complied and texted STOP.

19.    Despite Plaintiff's attempt(s) to opt out of these messages, Defendants proceeded to continue sending similar messages to Plaintiff.

20.    Defendants used an "automated telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) to send text messages to Plaintiff.

21.    Plaintiff is informed and believes that the equipment used by Defendants to send the subject messages to Plaintiff has the capacity to: (1) store or produce numbers to be contacted using a random or sequential number generator; and (2) dial those numbers. Such capacity is evidenced by the fact that the subject messages appear scripted and generic.

22.    Defendants' message(s) were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

23.     Defendants' message(s) were sent to telephone numbers assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming messages and/or data use pursuant to 47 U.S.C. § 227(b)(1).

24.     Defendants never received Plaintiff's "prior express consent" to receive marketing messages using an automated dialing system on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

**B.     CLASS ALLEGATIONS**

25.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 and/or other applicable law, on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within the United States who received any text messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system when such person had not previously provided express consent to receiving such messages within the four years prior to the filing of this Complaint

26.     Plaintiff represents, and is a member of the Class, consisting of All persons within the United States who received any telephone call from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

27.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class are any judges, justices

1    or judicial officers presiding over this matter and the members of their immediate

2    families and judicial staff.

3         28.    This action is properly maintainable as a class action. This action

4    satisfies the numerosity, typicality, adequacy, predominance and superiority

5    requirements for a class action.

6         29.    **Numerosity**: The proposed Class is so numerous that individual

7    joinder of all members is impracticable. Due to the nature of the trade and

8    commerce involved, Plaintiff does not know the number of members in the Class,

9    but believes the Class members number in the thousands, if not more. Plaintiff

10   alleges that the Class may be ascertained by the records maintained by

11   Defendants.

12        30.    Plaintiff and members of the Class were harmed by the acts of

13   Defendants in at least the following ways:  Defendants illegally contacted

14   Plaintiff and Class members via their cellular telephones thereby causing Plaintiff

15   and Class members, without their " prior express consent," to incur certain

16   charges or reduced telephone time for which Plaintiff and Class members had

17   previously paid by having to retrieve or administer messages left by Defendants,

18   and invading the privacy of said Plaintiff and Class members.

19        31.    **Common Questions of Law and Fact Predominate**: There are

20   only a few legal and factual issues to determine if there is liability under the

21   TCPA and for each of those questions of law and fact, common issues to the

22   Class predominate over any questions that may affect individual Class members,

23   in that the claims of all Class members for each of the claims herein can be

24   established with common proof.  Common questions of fact and law include, but

25   are not limited to, the following:

26              a.    Whether, within the four years prior to the filing of this

27                    Complaint, Defendants made any calls or messages (other

28                    than a call or message made for emergency purposes or made

with the prior express consent of the called party) to a Class member using any automated dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.   Whether Plaintiff and the Class members were damaged thereby, and the extent of the statutory damages for each such violation; and

c.   Whether the Defendants should be enjoined from engaging in such conduct in the future.

32.   **Typicality**: Plaintiff's claims are typical of the claims of members of the Class, as Plaintiff was subject to the same common course of conduct by Defendants as all Class members. The injuries to each member of the Class were caused directly by Defendants' wrongful conduct as alleged herein.

33.   **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have financial resources to do so.

34.   **Superiority of Class Action**: A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Class members have little interest in individually controlling the prosecution of separate actions because the individual damage claims of each Class member are not substantial enough to warrant individual filings. In sum, for many, if not most, Class members, a class action is the only feasible mechanism that will allow them an opportunity for legal redress and justice. Plaintiff is unaware of any litigation concerning the present controversy already commenced by members of the Class. The conduct of this action as a class action in this forum, with respect to some or all of the issues presented herein, presents

1  fewer management difficulties, conserves the resources of the parties and of the

2  court system, and protects the rights of each Class member.

3       35.    Moreover, individualized litigation would also present the potential

4  for varying, inconsistent, or incompatible standards of conduct for Defendants,

5  and would magnify the delay and expense to all parties and to the court system

6  resulting from multiple trials of the same factual issues.  The adjudication of

7  individual Class members' claims would also, as a practical matter, be dispositive

8  of the interests of other members not parties to the adjudication, and could

9  substantially impair or impede the ability of other Class members to protect their

10  interests.

11       36.    Plaintiff and the members of the Class have suffered and will

12  continue to suffer harm as a result of Defendant(s)' unlawful and wrongful

13  conduct.  Defendant(s) have acted, or refused to act, in respects generally

14  applicable to the Class, thereby making appropriate final and injunctive relief

15  with regard to the members of the Class as a whole.

16  **VI.    <u>CAUSES OF ACTION</u>**

17  **<u>FIRST CAUSE OF ACTION</u>**

18  **VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,**

19  **47 U.S.C. §§ 227, *ET SEQ.***

20  **(By Plaintiff Individually and on Behalf of the Class Against All Defendants)**

21       37.    Plaintiff hereby incorporates by reference and re-alleges each and

22  every allegation set forth in each and every preceding paragraph as though fully

23  set forth herein.

24       38.    The foregoing acts and omissions of Defendants constitute

25  numerous and multiple violations of the TCPA, including but not limited to, each

26  and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

27  ///

28  ///

39.     As a result of Defendants' violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class Members are entitle to award of $500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

40.     Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.*

**(By Plaintiff Individually and on Behalf of the Class Against All Defendants)**

41.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph as though fully set forth herein.

42.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to, each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

43.     As a result of Defendants' violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class Members are entitle to award of $1,500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44.     Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

a.      An order certifying this action as a class action and opposing Plaintiff and her counsel to represent the Class;

///

///

b.   For the first cause of action:

- Plaintiff and Class Members are entitled to an request $500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. §§ 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendants, their owners, officers, agents, servants, and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful text messages sent by automatic dialing systems to cellular phones without prior express consent;

- Attorneys' fees, prejudgment interest, post-judgment interest, and any and all other relief that the Court deems just and proper.

c.   For the second cause of action:

- Plaintiff and Class Members are entitled to an request $1,500.00 in statutory damages, for each and every violation pursuant to 47 U.S.C. §§ 227, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendants, their owners, officers, agents, servants, and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful text messages sent by automatic dialing systems to cellular phones without prior express consent;

///
///
///
///
///

- Attorneys' fees, prejudgment interest, post-judgment interest, and any and all other relief that the Court deems just and proper.

Dated: May 12, 2020                                   KRISTENSEN LLP

                                                      */s/ John P. Kristensen*
                                                      John P. Kristensen
                                                      Jesenia A. Martinez
                                                      Jacob J. Ventura
                                                      ***Attorneys for Plaintiff***

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

Plaintiff hereby demands a trial by jury for all such triable claims.

3

4
Dated: May 12, 2020                                  **KRISTENSEN LLP**

5
                                                                 */s/ John P. Kristensen*

6
                                                                 John P. Kristensen

                                                                 Jesenia A. Martinez

7
                                                                 Jacob J. Ventura

                                                                 ***Attorneys for Plaintiff***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28