Ryan D. Watstein, Esq. (*pro hac vice* forthcoming)
rwatstein@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
171 17th Street NE, Suite 1550
Atlanta, Georgia 30363
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

Paul A. Grammatico (SBN 246380)
pgrammatico@kcozlaw.com
**KABAT CHAPMAN & OZMER LLP**
333 S. Grand Avenue, Suite 2225
Los Angeles, CA 90071
Telephone: (213) 493-3988
Facsimile: (404) 400-7333

Attorney for defendant,
*Songwhale LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| KARLA URIBE, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SONGWHALE LLC,<br><br>Defendants. | Case No. 2:20-cv-04301<br>Hon. John A. Kronstadt<br><br>**DEFENDANT, SONGWHALE LLC'S UNILATERAL SUPPLEMENTAL REPORT TO COURT FOLLOWING JOINT REPORT ON SEPTEMBER 18, 2020**<br><br>Complaint filed: June 2, 2020 |

## SUPPLEMENTAL REPORT

Defendant, Songwhale, LLC ("Defendant"), through undersigned counsel, submits the following unilateral supplemental report to the Court following the joint report submitted on September 18, 2020 ("Joint Report").

1.  As noted in the Joint Report, Defendant contends that it is not the correct defendant in this action because it merely provides a platform through which text messages are sent but did not send the text messages at issue that allegedly violated the Telephone Consumer Protection Act ("TCPA").

2.  Per the Joint Report, Plaintiff agreed to "seek the dismissal of Defendant from this matter" provided that Defendant produce to Plaintiff "information pertaining to Defendant's customer . . . which includes Defendant's client's contact information and sign-up information/documents, and documents demonstrating that [Defendant's] client was the actual sender of the text messages."

3.  The Joint Report further noted that "[t]he Parties will submit a further report to the Court within 10 days if the stipulation for dismissal is not filed by then."

4.  Defendant provided a document production to Plaintiff via email on September 22, 2020, that Defendant contends provided the information requested by Plaintiff as a prerequisite to dismissal. At that time, Defendant stated, based on the information provided, it was "renew[ing] [its] request for dismissal." Plaintiff's Counsel did not respond to this email.

5. Defendant left a telephone message for Plaintiff's Counsel on September 25, 2020, for the purpose of conferring with Plaintiff's Counsel regarding either dismissal or submission of a supplemental report, per the Joint Report. Plaintiff's Counsel did not respond to the telephone message.

6. Defendant left a second telephone message for Plaintiff's Counsel on September 28, 2020, for the purpose of conferring with Plaintiff's Counsel regarding either dismissal or submission of a supplemental report, per the Joint Report. Plaintiff's Counsel did not respond to the telephone message.

7. Defendant sent a second email to Plaintiff's Counsel on September 28, 2020, again requesting to confer with Plaintiff's Counsel regarding either dismissal or submission of a supplemental report, per the Joint Report. Plaintiff's Counsel did not respond to this email.

8. Based on the foregoing and Defendant's inability to confer with Plaintiff's Counsel regarding dismissal, which Defendant contends is appropriate, or regarding submission of a supplemental report, Defendant submits this unilateral supplemental report to the Court in follow-up to the Joint Report submitted on September 18, 2020.

DATED: September 28, 2020

/s/ Paul A. Grammatico
Paul A. Grammatico
**KABAT CHAPMAN & OZMER LLP**

Counsel for defendant,
Songwhale LLC